UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-22647-CIV-MORENO

JEREMY C. PLAMONDON,

    Plaintiff,

vs.

STRATICON, LLC, et al.,

    Defendants.

_____/

## ORDER DENYING DEFENDANTS CHRIS AND JEFF HARDIN'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants Chris Hardin and Jeff Hardin's Motion to Dismiss Plaintiff's Complaint (**D.E. 4**), filed on **July 20, 2017**.

THE COURT has considered the motion, the response in opposition, the reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

### I. BACKGROUND

Plaintiff filed the instant action in Florida's Eleventh Judicial Circuit against Defendants, Straticon, LLC., Chris Hardin, and Jeff Hardin. Defendants timely removed to this Court pursuant to 28 U.S.C. § 1441. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint alleges claims against all Defendants for unpaid wages and overtime compensation under the Fair Labor Standards Act. Defendants Chris and Jeff Hardin seek to dismiss Counts II and III of the Complaint that allege federal wage and hour violations against Chris and Jeff Hardin, respectively.

### II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When a court considers a motion to dismiss, it must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See, e.g., id.*; *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 887 (11th Cir. 2013).

## III. DISCUSSION

The Hardins argue that Plaintiff has failed to sufficiently allege that the Hardins served as Plaintiff's "employer" under the Fair Labor Standards Act in order to impose individual liability. D.E. 4 at 7. "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986). Plaintiff's allegations against the Hardins include the following: "Defendant [Hardin] had operational control of the business and thus is jointly liable for Plaintiff's damages." D.E. 1 at ¶¶ 28, 33. Viewed in the light most favorable to Plaintiff, the allegation that the Hardins had operational control of the business sufficiently raises a plausible entitlement to relief and meets the Eleventh Circuit's requirement of being involved in the "day-to-day operation" of the business. Accordingly, Defendants' Motion to Dismiss is denied.

DONE AND ORDERED in Chambers at Miami, Florida, this 26 of September 2017.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

2